UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**LINCOLN GENERAL INSURANCE CO.,**

                **Plaintiff,**

        v.                                      5:04-CV-1241
                                                    (FJS/DEP)

**MARTIN E. SMITH, aka Marty Smith, aka Marvin
E. Smith, aka Marcus W. Smith; LOR-MAR
ENTERPRISES, INC.,**

                **Defendants.**

---

| APPEARANCES | OF COUNSEL |
|---|---|
| **HARRY R. BLACKBURN & ASSOCIATES, PC**<br>128 Walnut Street<br>9th Floor<br>Philadelphia, Pennsylvania 19102<br>Attorneys for Plaintiff | **HARRY R. BLACKBURN, ESQ** |
| **OFFICE OF CRAIG J. BILLINSON**<br>342 South Salina Street<br>Suite 300<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | **PETER M. HARTNETT, ESQ.** |
| **MARTIN E. SMITH, aka Marty Smith, aka Marvin E. Smith, aka Marcus W. Smith**<br>Wesley Chapel, Florida 33543 | **NO APPEARANCE** |
| **LOR-MAR ENTERPRISES, INC.**<br>East Canastota, New York 13032<br>and/or<br>Wesley Chapel, Florida 33543 | **NO APPEARANCE** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff brings this claim as a surety for indemnity and reimbursement under a General Indemnity Agreement for performance and payment bonds issued on behalf of Defendant Lor-Mar Enterprises, Inc. ("Defendant Lor-Mar"), in connection with various contracts entered into by and between Defendant Lor-Mar and the bond obligees and in consideration of and in reliance on the General Indemnity Agreement. The Court has subject matter jurisdiction over this action because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

Plaintiff commenced this action on May 7, 2004, in the United States District Court for the District of New Jersey. *See* Dkt. No. 15 at 1-2. On or about October 25, 2004, that court transferred Plaintiff's action to this District. *See id.* On November 8, 2005, Magistrate Judge Peebles granted Bond Schoeneck & King, PLLC's motion to withdraw as counsel for Defendants and ordered Defendants to file notice with the Court and serve Plaintiff with notice advising of an address and telephone number where they could be reached for purposes of communication with the Court pending their retention of new counsel and to notify the Court of the identity of the new counsel representing them or their desire to proceed *pro se* on or before January 31, 2006. *See* Affidavit of Harry R. Blackburn, Esq., dated April 12, 2006 ("Blackburn Aff."), at Exhibit "A;" *see also* Dkt. No. 15 at 2. Defendants failed to comply with the Court's Order in any respect, and on February 8, 2006, Magistrate Judge Peebles' court room deputy sent a letter to Defendant Smith reiterating the

above requirements and directing that he provide the required information by February 24, 2006.[1] *See* Dkt. No. 15 at 3; Blackburn Aff. at Exhibit "C" at 1-2.  Magistrate Judge Peebles' court room deputy also advised Defendant Smith that his continued non-compliance could result in the Court striking Defendants' answer from the record and entering a default judgment.  *See id.*  Despite this communication and opportunity to comply with the November 8, 2005 Order, Defendants failed to provide this Court with the requested information.  On March 27, 2006, this Court ordered that Defendants' answer be stricken from the record, that the Clerk of the Court enter default against Defendants, and that Plaintiff file a motion for entry of a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure on or before April 28, 2006.  *See* Blackburn Aff. at Exhibit "C."  Currently before the Court is Plaintiff's motion, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, for entry of a default judgment in the amount of **$767,462.11** plus costs to be determined at a later date.

## II. DISCUSSION

**A.    Standard of Review**

When a court enters a default judgment, it must "accept[] as true all of the factual allegations of the complaint, except those relating to damages." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted).  With respect to damages, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims*

---

[1] Magistrate Judge Peebles sent this letter to Defendant Smith individually and in his capacity as representative of Defendant Lor-Mar and mailed the letter to the address listed on the certificate reflecting Defendants' counsel's service of the November 8, 2005 Order.

*Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).  Determining the amount of damages is a two-fold task.  *See id.*  First, the court must determine "the proper rule for calculating damages on [the] claim;" then, the court must assess the "plaintiff's evidence supporting the damages to be determined under this rule."  *Id*.  In calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ."  *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

B.  **Breach of General Indemnity Agreement**

"'[L]ike other contracts, indemnity agreements are usually to be interpreted according to the plain meaning of the language employed, where such meaning is unambiguously expressed.'"  *Dubai Bank, Ltd., N. Y. Branch v. Joshi*, No. 85 CIV. 5005, 1989 WL 168088, *2 (S.D.N.Y. Aug. 29, 1989) (quotation and citation omitted).  In this case, the General Indemnity Agreement, by its plain language, provides that the "indemnitor[s] shall . . . indemnify . . . the Surety from and against any and all claims, demands and liability for losses, costs and expenses of whatever kind or nature, including court costs, attorney fees, interest, investigative costs . . . which Surety may sustain or incur . . . .[,]" *see* Complaint at Exhibit "A," "by reason or in consequence of having issued any bonds or suretyship instruments on behalf of [Defendant] Lor-Mar."  *See id.* at ¶ 6.

   *1. Actual Damages*

Plaintiff's complaint establishes that a valid general indemnity agreement existed, that Plaintiff performed under the contract, that Defendants failed to perform their obligations and that Plaintiff suffered damages.  *See* Complaint at ¶¶ 6-11, 15.  Defendant Smith signed this agreement

4

individually and in his capacity as president of Defendant Lor-Mar, and Plaintiff is named as the Surety in the agreement.  *See id.* at Exhibit "A."

Plaintiff provides a Statement of Amount Due ("Statement") to support its claim for $767,462.11 in damages.  The Statement shows that Plaintiff paid **$317,250.79** on the Mains Payment Bond and **$281,367.08** on the Mains Performance Bond.  *See* Statement at Exhibit "A."  It also shows that Plaintiff paid **$14,522.00** on the Martin Payment Bond and **$57,190.10** on the Martin Performance Bond.  *See id.*  Accordingly, the Court awards Plaintiff **$670,329.97** in actual damages for payment on the bonds it issued in connection with Defendants' Mains and Martin contracts with the Town of Westmoreland.

### *2. Adjusting Fees*

Plaintiff's Statement due shows that on the Mains Bonds and Martin Bonds combined it had adjusting fees totaling **$36,740.98.**  Accordingly, the Court awards Plaintiff adjusting fees in that amount, as "cost or expenses of whatever kind or nature," in accordance with the General Indemnity Agreement.

### *3. Legal Fees and Costs*

Courts calculate attorney's fees "by multiplying the number of billable hours that the prevailing party's attorneys spend on the case by 'the hourly rate normally charged for similar work by attorneys of like skill in the area.'"  *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1140 (2d Cir. 1983) (quotation omitted).  "The reasonable hourly rate must be 'in line with those prevailing in the community . . . .'"  *N.Y.S. Teamsters Conference Pension & Ret. Fund v.*

*United Parcel Serv., Inc.*, No. 5:98CV1902, 2004 WL 437474, *2 (N.D.N.Y. Feb. 27, 2004) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Courts have interpreted the term "community" to mean "the district where the court sits." *Id.* (citing *Luciano*, 109 F.3d at 115).

In addition, parties must state, with specificity, "'the date, the hours expended, and the nature of the work done'" for each attorney. *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994) (quoting [*N.Y.S. Ass'n for Retarded Children, Inc.*]*,* 711 F.2d at 1148). "'[C]ontemporaneous time records are a prerequisite[;]'" however, attorneys are "'not required to record in great detail how each minute of [their] time was expended,'" but hours that are "'excessive, redundant, or otherwise unnecessary' must be excluded from the calculation. . . ." *United Parcel Serv., Inc.*, 2004 WL 437474, at *3 (internal quotations omitted).

Finally, an award of attorney's fees also includes reasonable out-of-pocket expenses normally charged to fee-paying clients. *See id.* at *6 (quoting *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)) (other citation omitted). Courts in this District have previously held that "costs associated with lodging, meals, transportation, photocopying, postage, long distance telephone charges, and facsimiles" are reasonable out-of-pocket expenses and thus recoverable. *See id.* (citing *O'Grady v. Mohawk Finishing Prods., Inc.*, No. 96-CV-1945, 1999 WL 30988, *7-*9 (N.D.N.Y. Jan. 15, 1999)). In addition, computerized legal research costs are recoverable. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 99 (2d Cir. 2004) (citations omitted).

Plaintiff requests **$60,391.16** in "legal fees to date." *See* Statement at Exhibit "A." However, Plaintiff has not provided the Court with contemporaneous time records for its counsel, the number of hours that counsel expended or the nature of the work that counsel performed. In

6

addition, Plaintiff has not indicated what costs it is seeking, only that it seeks an award of costs to be determined at a later date. *See id.* at 1. Therefore, the Court directs Plaintiff to submit the documents necessary to calculate an award of reasonable attorney's fees and costs.[2]

C.  **Post-judgment Interest pursuant to 28 U.S.C. § 1961(a)**

Section 1961(a) of Title 28 of the United States Code provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Courts have awarded post-judgment interest on attorney's fees and costs when the judgment includes such an award. *See Raff v. Maggio*, 746 F. Supp. 1207, 1208 (E.D.N.Y. 1990) (citations omitted). Accordingly, once the Court enters a final judgment in this case, it will award Plaintiff post-judgment interest on the entire judgment including attorney's fees and costs.

### III. CONCLUSION

After carefully considering the file in this matter, the Plaintiff's submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion, pursuant to Rule 55 of the Federal Rules of Civil Procedure, for an entry of default judgment against Defendants is **GRANTED** in the amount of

---

[2] The Court notes that it has recently determined that the reasonable hourly rates for legal work in this District are $210 per hour for experienced attorneys, $150 for associates with more than four years experience, $120 for associates with less than four years experience, and $80 for paralegals. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, No. 03-CV-502, 2005 WL 670307, *6 (N.D.N.Y. Mar. 22, 2005).

**$707,070.95**;[3] and the Court further

**ORDERS** that, within twenty days of the date of this Order, Plaintiff shall file with the Court and shall serve on Defendants, at their last known address, documentation necessary to support its application for attorney's fees and costs; and the Court further

**ORDERS** that Plaintiff is entitled to post-judgment interest calculated pursuant to 28 U.S.C. § 1961 on the entire judgment, including attorney's fees and costs, when that judgment is entered.

**IT IS SO ORDERED.**

Dated: July 5, 2006
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[3] The Court instructs the Clerk of the Court not to enter a judgment in this action until the Court has calculated the attorney's fees and costs to which Plaintiff is entitled.