UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

LINCOLN GENERAL INSURANCE CO.,

                Plaintiff,

     v.                                      5:04-CV-1241
                                              (FJS/DEP)

MARTIN E. SMITH, aka Marty Smith, aka Marvin
E. Smith, aka Marcus W. Smith; and LOR-MAR
ENTERPRISES, INC.,

                Defendants.
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **HARRY R. BLACKBURN & ASSOCIATES, PC**<br>128 Walnut Street<br>9th Floor<br>Philadelphia, Pennsylvania 19102<br>Attorneys for Plaintiff | HARRY R. BLACKBURN, ESQ |
| **OFFICE OF CRAIG J. BILLINSON**<br>342 South Salina Street<br>Suite 300<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | PETER M. HARTNETT, ESQ. |
| **MARTIN E. SMITH, aka Marty Smith, aka Marvin E. Smith, aka Marcus W. Smith**<br>Wesley Chapel, Florida 33543 | NO APPEARANCE |
| **LOR-MAR ENTERPRISES, INC.**<br>East Canastota, New York 13032<br>and/or<br>Wesley Chapel, Florida 33543 | NO APPEARANCE |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court is Plaintiff's renewed application for attorney's fees and costs expended in prosecuting this action. In its July 5, 2006 Memorandum-Decision and Order, the Court instructed Plaintiff to file documentation to support its request for attorney's fees and costs. *See* Dkt. No. 19. Plaintiff has submitted, *see* Dkt. No. 20, and the Court has reviewed the requested documentation. The following constitutes the Court's written resolution of the pending motion.

### II. DISCUSSION

**A.    Attorney's fees**

To determine the reasonableness of an attorney's fees application, the court applies the lodestar method. *See N.Y.S. Teamsters Conference Pension & Ret. Fund v. United Parcel Serv., Inc.*, No. 5:98CV1902, 2004 WL 437474, *1 (N.D.N.Y. Feb. 27, 2004) (citation omitted). The court calculates "[t]he lodestar amount . . . by multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation." *Id.* (citations and footnote omitted). The court may then either increase or decrease the lodestar amount in its discretion based upon a number of factors, none of which is dispositive. *See id.* (citation and footnote omitted). Finally, in this district, "the reasonable hourly rates for legal work . . . are $210 . . . for experienced attorneys, $150 for associates with more than four years experience, $120 for associates with less than four years experience, and $80 for paralegals." *See* Memorandum-Decision and Order dated July 5,

2006, at 7 n.2 (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, No. 03-CV-502, 2005 WL 670307, *6 (N.D.N.Y. Mar. 22, 2005)).

In a document entitled "Attorney Experience and Hour Breakdown in Support of Application for Attorney's Fees and Costs," Plaintiff provided the Court with the following information about each attorney who performed services related to this matter:

| Attorney's Name | Years of Experience | Hours Worked |
|---|---|---|
| Angelo J. Foglietta | 29 | 134 |
| Francine D. Wilensky | 25 | .5 |
| Harry R. Blackburn | 24 | 7.2 |
| Peter M. Hartnett | 21 | 3.79 |
| John E. Shields, Jr. | 21 | .9 |
| Paul DeVlieger | 15 | 35.6 |
| James Stewart | 14 | 10.9 |
| Raymond Wittekind | 13 | 75.3 |
| Derek Eddy | 9 | 14.7 |
| Scott A. Shuker | 4 | 83.1 |
| Sean P. Stevens | 2 | 24 |
| Alexis J. Bernstein | 1 | 7 |

*See* Dkt. No. 20 at Attachment 1.

Plaintiff also submitted contemporaneous time records for the work that each of these attorneys expended on this matter. *See id.* During its review of the contemporaneous time records, the Court uncovered several problems. First, although the Court informed Plaintiff in its July 5, 2006 Memorandum-Decision and Order of the appropriate hourly rates in this District, *see* Memorandum-Decision and Order dated July 5, 2006, at 7 n.2, in several instances, Plaintiff

requested reimbursement at the higher hourly rate at which its attorney actually billed Plaintiff for its services. For example, Attorney Blackburn billed Plaintiff at the hourly rate of $225 for work that he performed in 2005, rather than the prevailing hourly rate of $210. Likewise, Attorneys Shuker, Stevens and Bernstein billed Plaintiff at the hourly rate of $165, rather than the prevailing hourly rates of $150, $120 and $120, respectively. Moreover, in those instances in which a portion of the hours expended involved travel, Plaintiff did not account for the fact that travel hours are reimbursable at one-half the hourly prevailing rate for that particular attorney. *See Patterson v. Julian*, 250 F. Supp. 2d 36, 45 (N.D.N.Y. 2003) (citation omitted).

In addition, in the case of Attorney Blackburn, although Plaintiff seeks reimbursement for 7.2 hours of work, a review of the contemporaneous time records demonstrates that Attorney Blackburn did not charge Plaintiff for 1.9 of those hours. *See* Dkt. No. 20, Contemporaneous Time Records at 15, notation for Harry R. Blackburn on April 5, 2005. The same is true for one hour of the time for which Plaintiff seeks reimbursement for Attorney Shuker's work. *See id.*, Contemporaneous Time Records at 22, notation for Scott Shuker on August 2, 2005.

Finally, it appears that Plaintiff seeks attorney's fees for work that these attorneys performed in a state-court action rather than in this matter. For example, one of the entries for Attorney Stevens states "Re: Town of Westmoreland. Researched and pulled relevant cases for oral argument. Spoke with Jim Stewart and Huey regarding this matter. Oral argument scheduled for June 1 in Rome, New York." *See id.*, Contemporaneous Time Records at 33, Notation for Attorney Stevens on May 31, 2006. The Town of Westmoreland is not a party to this action, and this Court does not hold hearings in Rome, New York. Thus, clearly this entry is not related to the instant litigation.

Likewise, there are a number of entries for Attorney Foglietta which suffer from the same problem, for example, "Receive and review correspondence from Attorney for plaintiff (.3); Receive and review copy of letter from Judge Grow (.4); Receive and review letter from local counsel (.3)." *See id.*, Contemporaneous Time Records at 34, Notation for Attorney Foglietta on June 26, 2006; *see also* Notations for Attorney Foglietta on May 31, 2006, and June 1, 2006. However, Judge Grow is a state-court judge and, as such, is not involved in this case in any manner. Similarly, there would be no need for Attorney Foglietta to have received and reviewed correspondence from the plaintiff's attorney in this case because he is Plaintiff's attorney.

As an initial matter, after adjusting Plaintiff's request to account for the inaccuracies discussed above, other than those related to the number of hours that Plaintiff's attorneys apparently expended on other matters, the Court has calculated the lodestar amount as follows:

| Attorney's Name | Hours Worked | Hourly Rate | Total |
|---|---|---|---|
| Angelo J. Foglietta | 122 | $175.00 | $21,350.00 |
|  | 12 (travel) | $87.50 | $1,050.00 |
| Francine D. Wilensky | .5 | $175.00 | $87.50 |
| Harry R. Blackburn | 5.3 | $200.00 | $1,060.00 |
| Peter M. Hartnett | 3.79 | $200.00 | $758.00 |
| John E. Shields, Jr. | .9 | $175.00 | $157.50 |
| Paul DeVlieger | 35.6 | $200.00 | $7,120.00 |
| James Stewart | 10.9 | $150.00 | $1,635.00 |
| Raymond Wittekind | 75.3 | $175.00 | $13,177.50 |
| Derek Eddy | 14.7 | $175.00 | $2,572.50 |
| Scott A. Shuker | 82.1 | $150.00 | $12,315.00 |
| Sean P. Stevens | 24 | $120.00 | $2,880.00 |

| Alexis J. Bernstein | 4 | $120.00 | $480.00 |
| | 3 (travel) | $60.00 | $180.00 |
| **Total** | | | **$64,823.00** |

Although it has been able to identify some entries that clearly relate to cases other then the one pending in this Court, the Court is unable to ascertain, based upon Plaintiff's submissions, whether other entries relate, in whole or in part, to hours that these attorneys expended on litigation other than this matter. Since it is Plaintiff's burden to document the time that its attorneys reasonably expended on this matter, and having, at least to some extent, failed to meet this burden, the Court concludes that it is reasonable to decrease the lodestar figure by fifty percent. As an additional ground for this decrease, the Court finds that Plaintiff's request for reimbursement for 394.09 hours of legal work is unreasonable, particularly in light of the fact that this action resulted in entry of a default judgment. Accordingly, the Court grants Plaintiff's request for attorney's fees in the amount of **$32,411.50**.

**B.    Costs**

Plaintiff seeks reimbursement for $8,576.71 in costs that it has incurred in the prosecution of this action. To support its application, Plaintiff provided the Court with a list of these expenses in chronological order. However, Plaintiff made no attempt to divide these costs by category, and the descriptions of some of these expenses are insufficient to determine the nature of these costs. For example, there is an entry on September 5, 2003, for "L.F. Stevens, Inc. Invoice #09-03-6773, for $2,282.59." *See* Dkt. No. 20, Contemporaneous Time Records at 35. Plaintiff did not provide the Court with any explanation as to who "L.F. Stevens, Inc." is or what

the nature of this expense is. There is also an entry for April 26, 2006, for "Superior Court of Pennsylvania Check No.: 2739, for $25.00." *See id.*, Contemporaneous Time Records at 40. Plaintiff offers no explanation as to how this expense relates to this litigation. Moreover, on April 18, 2006, there are two entries which obviously do not pertain to this case: "Filing fee – Motion for $45.00" and "Request for Judicial Information for $95.00." *See id.*, Contemporaneous Time Records at 40. Finally, because most of the other entries have no explanation other than "Westlaw," "Fax," "United Parcel Service," "Telephone," and "Photocopies," it is impossible for the Court to determine whether these entries relate to costs that are associated with this case or some other case. Accordingly, the Court awards Plaintiff fifty percent of the costs that it seeks, i.e., **$4,288.36**.

### III. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable case law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for attorney's fees is **GRANTED** in the amount of **$32,411.50**; and the Court further

**ORDERS** that Plaintiff's motion for costs is **GRANTED** in the amount of **$4,288.36**; and the Court further

**ORDERS** that the Clerk of the Court shall enter default judgment in favor of Plaintiff in the amount of **$707,070.95**; plus an additional **$32,411.50** in attorney's fees and **$4,288.36** in costs, for a total judgment of **$743,770.81** and interest on that judgment calculated pursuant to 28 U.S.C. § 1961.

**IT IS SO ORDERED.**

Dated: October 4, 2006
       Syracuse, New York

                                           Frederick J. Scullin, Jr.
                                           Senior United States District Court Judge